EXHIBIT A

aw Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
ll other Law Division Initial Case Management Dates will be heard via Zoom
or more information and Zoom Meeting IDs go to https./www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
ourt Date: 4/10/2024 10:00 AM

FILED
2/2/2024 3:46 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L001280
Calendar, A
26251474

16504

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| **GUADALUPE GARZA,**<br>Plaintiff,<br>v.<br>**TARGET CORPORATION,**<br>Defendant. | No.: 2024L001280 |

**COMPLAINT AT LAW**

Plaintiff, Guadalupe Garza, by her attorneys, Breen Goril Law, complaining of the Defendant, Target Corporation, states:

**FACTS COMMON TO ALL COUNTS**

1. On or about February 17, 2022, and at all times prior, the Defendant owned, operated, managed and/or controlled the premises located at or near 4433 S Pulaski Rd, in the City of Chicago, State of Illinois, County of Cook.
2. At all times relevant, the Plaintiff, Guadalupe Garza, was a citizen of the United States and a resident of the State of Illinois and County of Cook.
3. On or about February 17, 2022, the Plaintiff was at the premises at or near 4433 S Pulaski Rd, in the City of Chicago, State of Illinois, County of Cook as a customer and followed all known rules of conduct at the premises and obeyed all signs and warnings at the premises.
4. At all times relevant, the Plaintiff, Guadalupe Garza, exercised due care for her safety and the safety of others.
5. At all times relevant, the Defendant owed a duty to the Plaintiff to exercise due care in keeping said premises in good, safe, and proper condition.

**COUNT I – PREMISES LIABILITY**

1-5. Plaintiff reincorporates and re-alleges paragraphs one through five of Facts Common to All Counts as paragraphs one through five of Count I as though fully restated herein.

6. At all times relevant, the Defendant, Target Corporation, by and through its agents and employees, owed the Plaintiff and others like her a duty of ordinary care to protect her from harm on the premises and to maintain the premises in a reasonably safe condition.

7. The Defendant breached its duty to the Plaintiff by committing one or more of the following negligent acts and/or omissions:

   a. Carelessly and negligently allowed the premises to become and remain in an unsafe condition when the Defendant knew or should have known that ice, snow, and water created a hazardous condition for all individuals lawfully in the area;

   b. Carelessly and negligently failed to maintain the parking lot at the aforesaid place in a reasonably safe condition for use by individuals lawfully on said premises, including the Plaintiff, Guadalupe Garza;

   c. Carelessly and negligently failed to adequately inspect the premises to ensure that it was safe for the Plaintiff to walk;

   d. Carelessly and negligently failed to warn the Plaintiff, Guadalupe Garza, of the existence of ice, snow, and water on the premises;

   e. Carelessly and negligently failed to remove ice, snow, and water from its premises, so as to provide a safe place for the Plaintiff, Guadalupe Garza, to walk when the Defendant knew or should have known that the walking surface was dangerous;

   f. Carelessly and negligently failed to implement proper procedures for the removal of snow, ice, and water;

   g. Carelessly and negligently failed to instruct employees/agents to properly remove ice, snow, and water from the premises creating a dangerous and hazardous condition for people to walk; and,

h. Carelessly and negligently failed to remove ice, snow, and water from its premises after voluntarily undertaking the same, creating a dangerous and hazardous condition for people to walk.

8. As a direct and proximate result of the stated acts and/or omissions, the Plaintiff, Guadalupe Garza, fell on the Defendant's premises.

9. As a result of said fall, the Plaintiff sustained injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, the Plaintiff, Guadalupe Garza, demands judgment against the Defendant, Target Corporation, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of their litigation.

**COUNT II – NEGLIGENCE**

1-5. Plaintiff reincorporates and re-alleges paragraphs one through five of Facts Common to All Counts, as paragraphs one through five of Count II as though fully restated herein.

6. At all times relevant, the Defendant, Target Corporation, by and through its agents and employees, owed the Plaintiff and others like her a duty of ordinary care to protect her from harm on the premises and to maintain the premises in a reasonably safe condition

7. The Defendant breached their duty to the Plaintiff by committing one or more of the following negligent acts and/or omissions:

a. Caused the premises to become slippery in an area which the Defendant knew or should have known that people regularly walked.

b. Failed to remove ice, snow, and water from the premises' walking surfaces and from the area which the Defendant knew, or should have known, that people walked in a manner that created a dangerous situation for persons on the premises, including the Plaintiff, Guadalupe Garza;

c. Failed to inspect the premises for ice, snow, and water accumulation on the premises to be certain the same was in good, safe, and proper

condition, and to remedy the dangerous conditions which the Defendant knew or should have known about; and,

d. Failed to remove ice, snow, and water from its premises after voluntarily undertaking the same, creating a dangerous and hazardous condition for people to walk.

8. As a direct and proximate result of the stated acts and/or omissions, the Plaintiff, Guadalupe Garza, fell on the Defendant's premises.

9. As a result of said fall, the Plaintiff sustained injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, the Plaintiff, Guadalupe Garza, demands judgment against the Defendant, Target Corporation, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of their litigation.

Breen Goril Law

Attorney for the Plaintiff

Breen Goril Law - 46504
111 W. Washington St., Suite 1500
Chicago, IL 60602
312-726-8222
admin@breenlawchicago.com

46504

FILED
2/2/2024 3:46 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L001280
Calendar, A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| **GUADALUPE GARZA,**<br>Plaintiff,<br>v.<br>**TARGET CORPORATION,**<br>Defendant. | No.: 2024L001280 |

## AFFIDAVIT

I, Daniel M. Breen, upon oath, do hereby depose and state to the best of my knowledge and belief that the damages sought in the above matter exceeds $50,000.00.

Further affiant sayeth naught.

Daniel M. Breen

Breen Goril Law - 46504
111 W. Washington St., Suite 1500
Chicago, IL 60602
312-726-8222
admin@breenlawchicago.com